IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| DESHAWN EDWARD DERR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11CR517 (JCC) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Deshawn
Edward Derr's ("Petitioner" or "Derr") Section 2255 Motion to Vacate
or Set Aside Criminal Judgment.  [Dkt. 63.]  This matter is also
before the Court on Petitioner's Motion to Appoint Counsel [Dkt. 62]
and Motion to Cure Proceeding [Dkt. 71], the latter of which the
Court construes as a motion to amend.  For the reasons set forth
below, the Court will deny Petitioner's § 2255 motion.  The Court
will also deny his motion to appoint counsel and his motion to
amend.

**I.   Background**

On November 16, 2011, Derr pled guilty to one count of
conspiracy to affect commerce by robbery ("Hobbs Act robbery"), in
violation of 18 U.S.C. § 1951(a), and one count of using a firearm
during and in relation to a "crime of violence," in violation of 18

U.S.C. § 924(c).  *See* Plea Agreement [Dkt. 20].  Count 1, conspiracy to commit a Hobbs Act robbery, served as the underlying "crime of violence" for Count 2.  On February 3, 2012, this Court sentenced Derr to 130 months' imprisonment, followed by a five-year term of supervised release.  [Dkt. 33.]  Derr did not timely appeal and his request for leave to file a late appeal was denied.  [Dkt. 45.]

On June 14, 2016, Derr petitioned to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Dkt. 63] in light of the United States Supreme Court's recent holding that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  *See Johnson v. United States*, 135 S. Ct. 2551 (2015); *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applies retroactively on collateral review).  On June 30, 2016, the Government filed a motion to dismiss the § 2255 petition.  [Dkt. 68.]  Derr replied on July 15, 2016.  [Dkt. 70.]  This § 2255 petition is now ripe for disposition.

## II.   Analysis

### A.   Petitioner's § 2255 Motion

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized

by law; or (4) the sentence is otherwise subject to collateral

attack.  *See Hill v. United States*, 368 U.S. 424, 426–27 (1962).

The petitioner bears the burden of proof by a preponderance of the

evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.

1958).

Under the Antiterrorism and Effective Death Penalty of

1996 ("AEDPA"), a federal district court must dismiss any § 2255

motion that is filed more than one year after the date on which: (1)

the judgment of conviction becomes final; (2) the impediment to

making a motion, created by unlawful governmental action, is removed

and the petitioner was prevented from making a motion by such

action; (3) the United States Supreme Court initially recognized the

constitutional right asserted, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to

cases on collateral review; or (4) the facts supporting the claims

presented could have been discovered with due diligence.  28 U.S.C.

§ 2255(f).  A petitioner must demonstrate that the petition was

timely filed under § 2255 or that his untimely petition may be

salvaged by equitable tolling principles.  *See Holland v. Florida*,

130 S. Ct. 2549, 2562 (2010) (confirming that equitable tolling

applied to AEDPA's statute of limitations); *United States v.*

*Terrell*, 405 F. App'x 731, 732 (4th Cir. 2010) (applying the holding

in *Holland* to § 2255 motions).

In its motion to dismiss, the Government argues that Derr's § 2255 petition is untimely.  Initially, the Government argues that Petitioner's motion was filed more than one year from the date on which the judgment of conviction became final.  Mot. to Dismiss at 2.  The Court entered judgment in this case on February 3, 2012.  [Dkt. 33.]  Because Petitioner did not file a timely appeal, his conviction became final on February 3, 2013.  Petitioner did not file the instant petition until June 14, 2016.  [Dkt. 64.] Thus, the petition would be considered untimely under § 2255(f)(1), as it was filed more than three years after Petitioner's conviction became final.

The Government also argues that Petitioner's motion should not be considered timely under § 2255(f)(3), as the new right recognized by *Johnson* and made retroactive by *Welch* does not apply to Petitioner's case.  The United States Supreme Court issued its decision in *Johnson*, striking the Residual Clause of the ACCA as unconstitutionally vague, on June 26, 2015.  135 S. Ct. at 2563. Less than a year later, the Supreme Court made clear in *Welch* that the ruling in *Johnson* applies retroactively.  136 S. Ct. at 1268. Petitioner had one year from the date of *Johnson* to file a § 2255 petition: June 27, 2016.[1]  Although Petitioner met the filing deadline, [Dkt. 63], the Government is correct that his petition is

---

[1] One year from the date of *Johnson* occurred on June 26, 2016.  However, because June 26th fell on a Sunday, the deadline for Petitioner's motion was extended to June 27, 2016.  *See* Fed. R. Civ. Pro. 6(a)(1)(C); Fed. R. Crim. Pro. 45(a)(1)(C).

untimely, as the newly recognized right in *Johnson* does not apply to Petitioner's case.

"[A] case announces a new rule when it breaks new ground or imposes a new obligation" on the government. *Teague v. Lane*, 489 U.S. 288, 301 (1989) (internal citations omitted). "To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (internal citations omitted). A holding is only dictated by existing precedent if it would have been "apparent to all reasonable jurists." *Lambrix v. Singletary*, 520 U.S. 518, 527–528 (1997). *Johnson*'s application to § 924(c)(3)(B) is not apparent here.

The only circuits to address whether *Johnson* invalidates § 924(c)(3)(B) thus far have rejected Petitioner's arguments. *See United States v. Hill*, 2016 WL 4120667, at *8 (2d Cir. Aug. 3, 2016) (holding that *Johnson* is inapplicable to the residual clause of § 924 because "Section 924(c)(3)(B) does not involve the double-layered uncertainty present in *Johnson*"); *United States v. Taylor*, 814 F. 3d 340, 375-79 (6th Cir. 2016) (holding that *Johnson* did not render the residual clause of § 924(c) unconstitutionally vague because that clause "is considerably narrower than the statute invalidated . . . in *Johnson*, and because much of *Johnson's* analysis does not apply to [the residual clause of § 924(c)]"). The Fourth Circuit, sitting *en banc*, also held that, on direct appeal, a

5

defendant failed to show that it is "plain" that *Johnson* invalidates § 924(c)(3)(B). *United States v. Graham*, 2016 WL 3068018, at *1 n.1 (4th Cir. May 31, 2016). In addition, the Fourth Circuit declined to address the constitutionality of § 924(c)(3)(B) in a second case, noting that the United States Supreme Court had no occasion to review that provision when deciding *Johnson*. *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015).

For a motion filed pursuant to § 2255(f)(3), "the Supreme Court itself must recognize the specific substantive right at issue." *United States v. Kerney*, 2016 WL 6093486, at *2 (E.D. Va. Oct. 18, 2016). Section 2255(f)(3) "does not authorize [a lower court] to read between the lines of a prior opinion [by the Supreme Court] to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." *Kerney*, 2016 WL 6093486, at *1 (citing *United States v. Mathur*, 685 F.3d 396, 401 (4th Cir. 2012) (internal quotations omitted)). This Court declines to read between the lines of *Johnson* to invalidate 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague today.

Because the new rule announced in *Johnson* does not yet apply to Petitioner's case, § 2255(f)(3) does not apply either. Thus, the Court will deny Petitioner's § 2255 motion as untimely.

B.  Petitioner's Motion to Appoint Counsel

To help him properly bring his § 2255 motion, Petitioner also filed a motion requesting that this Court appoint counsel.

6

There is no Sixth Amendment right to counsel to pursue a writ of habeas corpus, however.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Hunt v. Nuth,* 57 F.3d 1327, 1340 (4th Cir. 1995) ("[T]he Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255.").  Nevertheless, it is within the Court's discretion to appoint counsel if it "determines that the interests of justice so require."  18 U.S.C. § 3006(a)(2)(B).  The Fourth Circuit has previously made clear that such discretion should be only used under "exceptional circumstances."  *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984).  "'The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and of the abilities of the individuals bringing it.'"  *Id.* (quoting *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982)).

Turning to the first factor—the type and complexity of the case—the Court must determine "whether it is apparent . . .  that a *pro se* litigant has a colorable claim."  *Whisenant*, 739 F.2d at 163 (quoting *Gordon v. Leeke,* 574 F.2d 1147, 1153 (4th Cir. 1978)).  As explained above, Petitioner does not have such a claim.

Given the Court's finding that this Petitioner has no colorable claim, the Court declines to address the second factor involved in the decision whether to appoint counsel for a *pro se* § 2255 petition: the capacity of the litigant to present his claim. *Whisenant*, 739 F.2d at 163 (quoting *Gordon v. Leeke,* 574 F.2d 1147,

7

1153 (4th Cir. 1978)).  Accordingly, this Court will deny

Petitioner's request for counsel.

        C.    <u>Petitioner's Motion to Amend</u>

        Petitioner's third and final motion seeks to amend his §

2255 motion by asserting additional legal arguments.  {Dkt. 71.]  In

particular, Petitioner would like to adopt the legal reasoning of

*Edmundson v. United States*, 2015 U.S. Dist. LEXIS 171007 (D. Md.

Dec. 30, 2015).  This case holds that conspiracy to commit Hobbs Act

robbery does not fall within the § 924(c) force clause.  *Id.* at *6.

It also holds that the § 924(c) residual clause is

unconstitutionally vague following *Johnson*.  *Id.* at *19.  Based on

these holdings, the court dismisses one of the counts against the

defendant, as he sees "no legally permissible ground for sentencing

her under [18 U.S.C. § 924(c)]."  *Id*.  Unfortunately for Petitioner,

this case provides him with no avenue for relief.  District court

opinions, while persuasive, are not controlling authority for this

Court.  Moreover, the Court finds this particular case unpersuasive,

as it involves a defendant who had not yet been sentenced for her

crimes, not one who attacks his sentence on collateral review.

Because *Edmundson* cannot provide Petitioner with the requested

relief, the Court will deny his motion to amend.

### III.   Conclusion

        For the foregoing reasons, the Court will deny Petitioner

Deshawn Edward Derr's petition to vacate, set aside, or correct his

sentence.  The Court will also deny Petitioner's request for a stay pending the Fourth Circuit's ruling in *United States v. Walker*, which addresses whether *Johnson* applies to § 924(c).[2]  Such a decision would not help Petitioner's case, as the Supreme Court itself—not the Fourth Circuit—must recognize the right at issue in order for Petitioner's § 2255 motion to be timely.

In addition, the Court will deny Petitioner's request for the Court to appoint counsel.  The Court will also deny his motion to amend.

An appropriate order shall issue.


|  | /s/ |
| --- | --- |
| February 9, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[2] Despite Petitioner's claim in his reply to the Government's motion to dismiss that he was renewing his request for a stay, the Court can find no reference to his original request for a stay in his § 2255 motion.